MEMORANDUM **
Gulmaro Torres-Leon appeals from the 360-month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.
Torres-Leon contends that the district court erred when it imposed a two-level obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1. We conclude that the district court did not clearly err. See U.S.S.G. § 3C1.1, cmt. n. 4(a); see also United States v. Jackson, 974 F.2d 104, 105-06 (9th Cir.1992).
Torres-Leon also contends that the district court erred when it imposed a four-level leadership enhancement, pursuant to U.S.S.G. § 3Bl.l(a). We conclude that the district court did not clearly err. See United States v. Rivera, 527 F.3d 891, 908 (9th Cir.2008).
Finally, Torres-Leon contends that the district court procedurally erred by engaging in a legally insufficient analysis of the 18 U.S.C. § 3553(a) sentencing factors and that his sentence is substantively unreasonable. We conclude that the district court did not procedurally err and that Torres-Leon’s sentence is substantively reasonable. See United States v. Catty, 520 F.3d 984, 991-93 (9th Cir.2008) (en banc); see also United States v. Shabani, 48 F.3d 401, 404 (9th Cir.1995).
We remand with instructions that the district court change the term of supervised release in the written judgment to a period of five years, making it consistent with the district court’s oral pronouncement at sentencing. See United States v. Fifield, 432 F.3d 1056, 1059 fn. 3 (9th Cir.2005).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.